LAURENCE F. HAINES, Bar No. 164187
HainesLaw
E-Mail lhaines@haineslawfirm.com
139 East Third Avenue, Suite 108
Escondido, California 92025
Telephone: (760) 741-4529

Attorneys for Plaintiff Ayoma Rudy

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

AYOMA RUDY,

          Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL MERRICK GARLAND

          Defendants

Case No. '21CV1825 H    AGS

COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42 U.S.C. §12101, et seq.

JURY TRIAL DEMANDED

Plaintiff complains and alleges as follows:

## JURISDICTION

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §12101 et seq.

///

## PARTIES

2. Plaintiff Ayoma Rudy (RUDY) is a resident of the State of California, County of San Diego.

3. Defendant U.S. Department of Justice is a component part of the Executive Branch of the United States government.

4. Defendant Merrick Garland is the Attorney General of the United States, the principal officer of the Department of Justice. He is sued in his official capacity.

## VENUE

5. Venue is proper in the Southern District, because Plaintiff was employed within this District and that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

6. On August 30, 2019, RUDY retired from the Drug Enforcement Administration (DEA) after 23 years of service. The DEA is division of the U.S. Department of Justice.

7. Prior to retirement RUDY worked as a GS-13 Diversion Investigator with the DEA's Diversion Control Program in the San Diego Field Division Office.

8. During her last year of employment with the DEA, RUDY was disabled and suffered from coronary arteriosclerosis, hypertension, and hyperlipemia diagnosed by her cardiologist caused and exacerbated by work stress. DEA was given notice of RUDY's disability from her doctors. RUDY's disability substantially limits at least one of Plaintiff's major life activities.

9. The work stress was being caused by her supervisors who were relatively recently appointed to their positions.

10. RUDY's immediate supervisor, Acting Group Supervisor Brenda Sandoval (SANDOVAL) was appointed in October 2018 and Diversion Program Manager Evangela Dortch (DORTCH) was appointed in September 2018.

11. Prior to DORTCH and SANDOVAL's arrival, RUDY had always performed at a high level and received all "outstanding" and "excellent" performance ratings.

12. Once DORTCH arrived she began a campaign of harassment against RUDY which included disagreements with technical issues with DEA registrations, entries of case investigation progress among various databases, and secure storage facilities for controlled substances, none of which had ever been a basis for criticism or concern in RUDY's prior decades of experience with the DEA.

COMPLAINT                                                                 3

13. DORTCH went so far as to micro manage RUDY and frequently called her into DORTCH's office to criticize her and told RUDY that she was a "poor performer."

14. SANDOVAL ratified and supported DORTCH's interactions with RUDY.

15. The actions of DORTCH caused RUDY's health to deteriorate and in January 2019, she began seeing a cardiologist as well as an internal medicine specialist for treatment of stress that had accumulated over the previous months, for which the cardiologist prescribed medication and exercise.

16. RUDY's job-induced anxiety and stress increased exponentially, and in March 2019, her cardiologist formally diagnosed her with uncontrolled hypertension, hyperlipidemia, and coronary arthrosclerosis.

17. RUDY requested reasonable accommodations for her disability.

18. RUDY told SANDOVAL and DORTCH, an EEO counselor and a DEA attorney what the accommodations were that she was seeking.

19. RUDY gave medical information regarding her disability and a request for reasonable accommodations to DORTCH who then shared them with a DEA attorney.

20. By August of 2019, RUDY's supervisors were aware of her disability and her requests for accommodation.

21. The reasonable accommodations requested included the use of the DEA's Voluntary Wellness Program and a transfer to the Tactical Diversion Squad continuing to work as a Diversion Investigator until her anticipated retirement date of April 30, 2021.

22. The reason RUDY asked for an accommodation to transfer to the Tactical Diversion Squad was to get a change of supervisors in order to eliminate the stress exacerbating her disability.

23. RUDY was told that she could not use the Voluntary Wellness Program as her supervisor had determined to forbid all of the Diversion Control employees from using the Voluntary Wellness Program until some unspecified time when work productivity improved.

24. There was no impediment to RUDY's supervisors making an exception to accommodate her disability by allowing her to use the Voluntary Wellness Program.

25. RUDY was told that she would not be transferred to the Tactical Diversion Squad because her work performance was not adequate.

26. RUDY was told that she would not be transferred to the Tactical Diversion Squad because there was not a position available.

27. There was no impediment to RUDY being transferred to the Tactical Diversion Squad as DEA had the ability to add a Diversion Investigator position in the Tactical Diversion Squad allowing RUDY an accommodation.

28. RUDY is aware that from time to time, positions are added and positions are eliminated from the Tactical Diversion Squad as needed.

29. After DEA denied RUDY's requested accommodations, DEA failed to enter into the interactive process required when a disabled person identifies a disability and requests accommodations for that disability.

30. Given that her health was being negatively impacted without an accommodation, RUDY reasonably believed that she was not going to receive an accommodation and in order to preserve her health, reluctantly retired on August 30, 2019.

31. On August 26, 2019, RUDY filed an employment discrimination complaint against the DEA alleging violation of Section 501 of the Rehabilitation Act of 1973 29 U.S.C. §791, incorporating the Americans with Disabilities Amendments Act which culminated in her constructive discharge from the DEA.

32. In due course, after filing the complaint, the Equal Employment Opportunity Commission took the case and assigned it Case No. 480-2020-00624X.

33. The EEOC issued a decision on August 5, 2021. The agency issued its final order on September 14, 2021. RUDY has exhausted her administrative remedies.

## CAUSE OF ACTION

### Violation of the Americans with Disabilities Act- 42 U.S.C. §12101, et seq.

34. RUDY hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

35. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

36. Because RUDY's disability substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

37. RUDY was and is fully qualified to be a Diversion Investigator and could perform all the essential functions of the position with accommodations.

38. DEA constructively discharged RUDY by refusing to accommodate her disability as requested and/or engage in the interactive process to accommodate her disability.

39. DEA's constructive termination of RUDY on the basis of her disability and DEA's failure to make an individualized assessment to determine whether a reasonable accommodation would enable her to her employment violated the ADA.

40. As a result of DEA's actions, RUDY has suffered and will continue to suffer both economic and non-economic harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

1. Back pay in an amount to be determined at trial;

2. Front pay in an amount to be determined at trial;

3. Declaratory relief ordering Defendants to deem Plaintiff to have been employed through her intended retirement date of April 30, 2021 and a recalculation of Plaintiff's retirement income as of August 30, 2019 going forward.

4. Pre-judgment and post-judgment interest at the highest lawful rate;

5. Attorneys' fees and costs of this action; and

6. Any such further relief as the Court deems appropriate.

///

///

///

Respectfully submitted,

HAINESLAW

Date:  October 26, 2021   By: s/ Laurence F. Haines

LAURENCE F. HAINES

Attorney for Plaintiff Ayoma Rudy

E-mail: lhaines@haineslawfirm.com

## JURY DEMAND

Plaintiff hereby demands trial by jury pursuant to FRCP §38.

HAINESLAW

Date:  October 26, 2021   By: s/ Laurence F. Haines

LAURENCE F. HAINES

Attorney for Plaintiff Ayoma Rudy

E-mail: lhaines@haineslawfirm.com