Laurence F. Haines, Esq. Bar No. 164187
HainesLaw
E-Mail lhaines@haineslawfirm.com
139 East Third Avenue, Suite 108
Escondido, California 92025
Telephone: 760-741-4529

Attorneys for Plaintiff Ayoma Rudy

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYOMA RUDY,<br><br>                Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL MERRICK GARLAND,<br><br>                Defendants | Case No. '21CV1825H  AGS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: April 11, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 15A<br><br>Honorable Marilyn L. Huff |

      Plaintiff respectfully opposes Defendants' motion to dismiss her First Amended Complaint as follows:

      Defendants' motion to dismiss fails as it assumes that the one and only time Plaintiff requested the accommodation of a transfer happened at a mediation which occurred on August 22, 2019.

      Nowhere in the First Amended Complaint does it state that the only time that Plaintiff requested the accommodation of a transfer was at the August 22, 2019 mediation. Paragraph 27

of the First Amended Complaint alleges that "[t]he transfer request came in August of 2019." The EEO complaint attached to Defendants' motion to dismiss states "[o]n August 22, 2019 a mediation was conducted . . ." and "my request to transfer . . . was DENIED." Importantly, it does not say that Plaintiff first raised the issue of a transfer at the mediation.

Indeed, if the court is so inclined to allow a Second Amended Complaint, it can be clarified that the transfer request was made prior to the mediation date and confirmation of the denial of the transfer was made after the mediation. *FRCP Rule 15(2)*.[1]

Defendants' motion to dismiss also fails as it assumes that the only basis for a claim of failure to accommodate a disability is a denial of an identified request by the disabled person.

In fact, one of the major allegations against Defendants is that they failed to engage in the interactive process. Paragraph 33 of the First Amended Complaint alleges that "[a]fter DEA denied RUDY's requested accommodations, DEA utterly failed to enter into the interactive process required when a disabled person identifies a disability and requests accommodations for that disability."

Standing alone, a failure to be proactive in the interactive process to accommodate a known disability can be the basis of liability for failure to accommodate a disability. "[e]mployers are required to engage in an interactive process with employees in order to identify and implement appropriate reasonable accommodations..." *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1111 (9th Cir. 2000).

"[t]he EEOC views the interactive process as a mandatory obligation is resolved by the EEOC's interpretive guidance, which states that "the employer must make a reasonable effort to determine the appropriate accommodation. The appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability. " *29 C.F.R. Pt. 1630, App. S 1630.9*. The EEOC's Enforcement Guidance also specifies the nature of the interactive process: "The employer and the individual

---

[1] This is the second *Rule 12(b)(6)* motion brought by Defendants. If this issue had been raised in the first motion, Plaintiff would have been aware of Defendants' concerns regarding the timing of the request for a transfer and clarity would have been provided in the First Amended Complaint. Instead, they piecemealed their basis for dismissal which resulted in TWO motions instead of one.

OPPOSITION TO MOTION TO DISMISS                '21CV1825H

with a disability should engage in an informal process to clarify what the individual needs and identify the appropriate accommodation." EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, EEOC Compliance Manual (CCH), S 902, No. 915.002 (March 1, 1999), at 5440. *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir. 2000).

Therefore, irrespective of whether Plaintiff's request for accommodation was discussed at a mediation, Plaintiff has properly stated a cause of action based on Paragraph 33 and since it was an ongoing failure to accommodate, it necessarily occurred within 45 days of seeking EEO counseling.

Plaintiff respectfully requests that Defendants' motion to dismiss be denied or in the alternative, she be allowed to file a Second Amended Complaint to clarify the timing of the request to transfer and the denial of that request.

DATED: April 1, 2022

Respectively submitted,

HAINESLAW

By: s/ Laurence F. Haines

LAURENCE F. HAINES
Attorney for Plaintiff Ayoma Rudy
E-mail: lhaines@haineslawfirm.com