RANDY S. GROSSMAN
United States Attorney
MICHAEL A. GARABED
Assistant United States Attorney
California State Bar No. 223511
E-mail: Michael.Garabed@usdoj.gov
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 557-7703

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYOMA RUDY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; ATTORNEY GENERAL MERRICK GARLAND,<br><br>        Defendants. | Case No.: 21-CV-1825-H-AGS<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: April 11, 2022<br>Time: 10:30 a.m.<br>Place: Courtroom 15A<br><br>Honorable Marilyn L. Huff |

1      Plaintiff's untimely opposition confirms that her first amended complaint is legally
2  infirm and should be dismissed.

3      First, Plaintiff failed to file her opposition within the time required by Local Rule
4  7.1.e.2.  For this reason alone, Defendants' motion should be granted and Plaintiff's first
5  amended complaint dismissed.  *See* Civ LR 7.1.f.3.c ("If an opposing party fails to file
6  the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute
7  a consent to the granting of a motion or other request for ruling by the Court.").

8      Second, Plaintiff does not dispute that her request to participate in the DEA's
9  Voluntary Wellness Program was denied in March 2019, yet she did not contact an EEO
10  counselor until June 26, 2019 – well outside the 45 days allotted by 29 C.F.R. §
11  1614.105(a)(1).  As a result, her discrimination claim is untimely as a matter of law.  *See*
12  *Cherosky v. Henderson*, 330 F.3d 1243, 1248 (9th Cir. 2003) (finding discrimination
13  claims time-barred because plaintiffs did not initiate EEO contact within 45 days); *see*
14  *also Gipaya v. Dep't of the Air Force*, 345 F.Supp.3d 1286, 1296 (D. Hawai'i 2018)
15  (holding that because plaintiff did not contact an EEO counselor within 45 days,
16  "Plaintiff's claims alleging failure to accommodate his disability must be dismissed with
17  prejudice").[1]

18      Third, there is no dispute that Plaintiff's request to transfer to the DEA's Tactical
19  Diversion Squad was made in the context of mediation.  *See* Plaintiff's EEO Complaint,
20  RJN, Ex. A at p. 1 ("On August 22, 2019, a mediation was conducted by FBI attorney
21  Chris Sedmak at the FBI, San Diego, location.  *During this mediation* my request to be
22  transferred until I retire (20 months) to another team/unit located in the same DEA
23  building was denied.") (emphasis added).  As a matter of law, Plaintiff's discrimination
24  claim cannot be premised on alleged conduct related to mediation.  *See Millea v. Dep't*
25  *of Veterans Affairs*, EEOC Request No. 05980235, 1998 WL 278888, at *1 (May 21,

26
27  [1] In addition to being untimely, Plaintiff's opposition fails to address any of the case law
28      cited in support of Defendants' motion to dismiss.

- 1 -

1998) (affirming dismissal of a complaint for failure to state a claim because "a claim of discrimination could not be grounded in a claim related to a settlement offer"); *Nelson v. Rumsfeld*, EEOC Appeal No. 01A13907, 2001 WL 1169682, at *2 (Sep. 25, 2001) ("[W]e find the comments and actions made during a mediation session to be akin to actions during a settlement negotiation, which we have held fail to state a claim."); *Horacio v. Dep't of the Navy*, EEOC Doc. 0120182210, 2018 WL 4692549, at *1 (Sep. 13, 2018) ("To allow a complainant to file a new complaint regarding the comments made by an agency representative during settlement negotiations of a previously filed EEO complaint would defeat [the] purpose [of the rules designed to informally resolve employment disputes]").

Finally, Plaintiff's suggestion that her claim can be salvaged by her allegation that the agency failed to engage in the interactive process is misplaced.  As the Ninth Circuit has made clear, "there exists no stand-alone claim for failing to engage in the interactive process."  *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018).  Instead, "discrimination results from denying an available and reasonable accommodation."  *Id.*  Accordingly, because Plaintiff's discrimination claim related to the denial of her requested accommodation is time-barred, any claim stemming from the agency's alleged failure to engage in the interactive process is also legally infirm.  *Crowder-Woods v. Shinseki*, Case No. 2:13-cv-02219-SVW-JCG, 2013 WL 12133843, at *5 (C.D. Cal. Oct. 17, 2013) ("Plaintiff does not dispute that her supervisor denied her accommodation requests prior to May 3, 2011.  Thus, any claims for failure to engage in the interactive process also must have arisen prior to May 3, 2011.  As a result, Plaintiff's failure to engage in the interactive process claims suffer the same fate as her failure to accommodate claims.  Because the failure to engage in the interactive process claims arose prior to May 3, 2011, Plaintiff's initiation of counseling on July 28, 2011 was outside the 45 day administrative requirement.  Thus, Plaintiff's claims are time barred.").

In short, no matter what the scenario, Plaintiff's discrimination claim is time-

barred and legally infirm.  Accordingly, Plaintiff's first amended complaint should be dismissed without leave to amend.

DATED:    April 4, 2022          Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney
s/ Michael Garabed
MICHAEL A. GARABED
Assistant United States Attorney
E-mail: Michael.Garabed@usdoj.gov

Case No: 21cv1825