# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYOMA RUDY,<br><br>                              Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE and ATTORNEY GENERAL MERRICK GARLAND, in his official capacity,<br><br>                            Defendants. | Case No.: 3:21-cv-1825-H-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Doc. No. 7.] |

On October 27, 2021, Plaintiff Ayoma Rudy filed her Complaint against Defendants U.S. Department of Justice and Attorney General Merrick Garland. (Doc. No. 1.) On March 2, 2022, Plaintiff filed her First Amended Complaint. (Doc. No. 5, "FAC".) On March 14, 2022, Defendants filed a motion to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. No. 7.) Plaintiff filed her opposition on April 1, 2022. (Doc. No. 8.)[1] Defendants filed their reply in support of their motion on April 4, 2022. (Doc. No. 9.)

---

[1] Plaintiff filed her opposition to Defendants' motion to dismiss after the deadline imposed by Civ. Local R. 7.1.e.2. Failure to comply with this rule "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply their local rules, including through the dismissal of a case. Cano v. Hughes, 2015 WL 2365687, at *4-5 (S.D. Cal. 2015). In this case, the Court views the public policy favoring disposition on the merits to outweigh the harms of Plaintiff's delay. However,

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument and submits the motion on the parties' papers. For the following reasons, the Court grants Defendants' motion to dismiss with leave for Plaintiff to file a second amended complaint.

## BACKGROUND

Plaintiff is a former employee of the Drug Enforcement Administration's ("DEA") Diversion Control Program.[2] (FAC ¶¶ 6-7.) She retired from the DEA on August 23, 2019. (Id. ¶ 7.) Plaintiff alleges that she was disabled during her last year of employment with the DEA as a result of coronary arteriosclerosis, hypertension, and hyperlipemia caused and exacerbated by work stress. (Id. ¶ 8.) Plaintiff attributes her work stress to a "campaign of harassment" and micromanagement by her manager and supervisor that began in approximately September 2018. (Id. ¶¶ 10-14.)

In January 2019, Plaintiff sought treatment from a cardiologist. (Id. ¶ 15.) She was diagnosed with hypertension in March 2019. (Id. ¶ 16.) Plaintiff subsequently "requested reasonable accommodations for her disability." (Id. ¶ 17.) She told her supervisors, an Equal Employment Opportunity ("EEO") counselor, and a DEA attorney about the accommodations she was seeking and provided medical information regarding her disability. (Id. ¶¶ 18-19.) "By August of 2019, [Plaintiff's] supervisors were aware of her disability and her requests for accommodation." (Id. ¶ 20.) Plaintiff requested accommodation through the use of DEA's Voluntary Wellness Program, which permits employees to engage in regular exercise during the workday. (Id. ¶ 21.) Plaintiff was denied use of the Voluntary Wellness Program. (Id. ¶ 22.)

---

counsel should be mindful of the requirements of the Local Rules and the possibility of sanctions for future failures of compliance.

[2] The DEA is a division of Defendant U.S. Department of Justice. (Id.) Defendant Merrick Garland is the Attorney General of the United States, the principal officer of Defendant U.S. Department of Justice. (Id. ¶ 4.)

In August 2019, Plaintiff requested a transfer to the Tactical Diversion Squad as an alternative "reasonable accommodation." (Id. ¶¶ 23-27.) The DEA denied the transfer request on the basis that Plaintiff's work performance was inadequate and that a position was not available. (Id. ¶¶ 29-30.) Plaintiff alleges that the Tactical Diversion Squad had the ability to add her position in order to provide an accommodation. (Id. ¶¶ 31-32.)

Plaintiff alleges that "[a]fter DEA denied [her] requested accommodations, DEA utterly failed to enter into the interactive process required when a disabled person identifies a disability and requests accommodations for that disability." (Id. ¶ 33.) Plaintiff asserts that she "initiated an EEO contact within 45 days of the final rejection of an accommodation request . . . ." (Id. ¶ 34.) Further, Plaintiff alleges that the DEA engaged in discriminatory conduct during the 45-day period proceeding her initiation of EEO counseling on August 26, 2019. (Id. ¶ 35.) She filed an EEO complaint on August 26, 2019. (Id.) The Equal Employment Opportunity Commission ("EEOC") issued a decision on August 5, 2021, and its final order on September 14, 2021. (Id. ¶ 39.) Plaintiff asserts that she exhausted all of her administrative remedies prior to filing this suit. (Id. ¶ 40.)

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only the power given to them by Constitution and by statute. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Federal courts are presumed to lack jurisdiction. See id. The party invoking federal jurisdiction bears the burden of establishing jurisdiction. United States ex rel. Solis v. Millennium Pharm., Inc., 885 F.3d 623, 625 (9th Cir. 2018). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011).  In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  Still, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

If the court dismisses a complaint, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted)

## II. Failure to Exhaust Administrative Remedies

Defendants assert that this Court lacks subject-matter jurisdiction to hear Plaintiff's claim because she failed to exhaust her administrative remedies.  (Doc. No. 7 at 3-5.) Specifically, they argue that Plaintiff failed to plead an allegation of discriminatory conduct during the 45-day period proceeding her initiation of EEO counseling.  (Id.)  Defendants argue that (i) DEA's denial of Plaintiff's participation in the Voluntary Wellness Program occurred more than 45 days prior to Plaintiffs initial contact with an EEO counselor; (ii) Plaintiff's discussions with her supervisors about her disability do not constitute a timely

initiation of the administrative process; and (iii) DEA's denial of Plaintiff's transfer to the Tactical Diversion Squad does not constitute a discrimination claim that renews the 45-day period because the transfer request was made in the context of a mediation designed to resolve the initial grievance. (Id.)

Plaintiff brings her sole cause of action pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. (FAC ¶¶ 41-47.) Title I of the ADA incorporates procedures and remedies from Title VII of the Civil Rights Act of 1964. Zimmerman v. Oregon Dept. of Justice, 170 F.3d 1169, 1177 (9th Cir. 1999). Accordingly, Plaintiff must first exhaust her administrative remedies prior to filing suit against a federal government agency. Jasch v. Potter, 302 F.3d 1092, 1094 (9th Cir. 2002); Romero v. Carvajal, 2021 WL 1963822, at *3 (S.D. Cal. 2021). "Under federal regulations promulgated by the EEOC, federal employees complaining of discrimination by a governmental agency must . . . initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory. Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002) (citing 29 C.F.R. § 1614.105(a)(1)). Absent some form of equitable tolling,[3] the failure to comply with this regulation "has been held to be fatal to a federal employee's discrimination claim." Id.

Defendants contend that DEA's denial of Plaintiff's participation in the Voluntary Wellness Program falls outside of the 45-day period preceding her initial contact with an EEO Counselor. (Doc. No. 7 at 4.) Although Plaintiff does not dispute this point (see Doc. No. 8), the Court cannot determine the accuracy of Defendants' contention from the FAC alone, as it is vague as to many of the relevant dates in this case. (See FAC ¶¶ 17-19, 22.) Defendants assert that the Court may look beyond the FAC and take judicial notice of Plaintiff's EEO Complaint. (Doc. No. 7-1.) The Court agrees.[4]

---

[3] Plaintiff does not raise any argument for equitable tolling of the 45-day period in this case. (Doc. No. 8.)

[4] A district court may take notice of material outside the pleadings on a motion to dismiss pursuant to the doctrine of incorporation by reference. Khoja v. Orexigen Therapeutics,

The EEO Complaint reflects that Plaintiff's first contact with an EEO Counselor was on June 26, 2019. (Doc. No. 7-2 at 1.) Plaintiff's EEO Complaint states that in March 2019 she "asked to participate in the DEA wide Wellness Program. [Her supervisor] denied it even though [her] cardiologist provided a letter due to a heart condition. In April 2019, [she] asked to see the Special Agent in Charge (SAC) regarding this matter . . . ." (Id. at 3.) Since the 45-day period prior to June 26, 2019 began on May 12, 2019, the DEA's denial of Plaintiff's participation in the Voluntary Wellness Program was outside of the relevant time frame. See 29 C.F.R. § 1614.105(a)(1). Accordingly, Plaintiff's claim, as currently pled, is time-barred. Lyons, 307 F.3d at 1105.

Plaintiff asserts three alternative bases for the Court to conclude that she initiated contact with the EEO Counselor within 45 days of the alleged discriminatory conduct. First, she alleges that Defendants "fail[ure] to be proactive in the interactive process to accommodate a known disability" is a "[s]tand[] alone . . . basis of liability . . . ." (Doc. No. 8 at 2.) But Plaintiff misstates the law of the Ninth Circuit. "[T]here exists no stand-alone claim for failing to engage in the interactive process. Rather, discrimination results from denying an available and reasonable accommodation." Snapp v. United Transp. Union, 889 F.3d 1088, 1095 (9th Cir. 2018). A claim for failure to engage in the interactive process is measured from the date that an employer denies an accommodation request. Crowder-Woods v. Shinseki, 2013 WL 12133843, at *4-5 (C.D. Cal. 2013). Thus, Defendants' purported failure to engage in the interactive process is also outside of the 45-

---

Inc., 899 F.3d 988, 998 (9th Cir. 2018). The incorporation by reference doctrine treats documents relied on in a complaint as part of the complaint itself. Id. at 1002. Defendants argue that the Court may take notice of the EEO Complaint because Plaintiff alleged its contents in the FAC and the authenticity of the document is not in dispute. (Doc. No. 7-1 at 2.) The FAC includes several general references to the contents of the EEO Complaint. Further, Plaintiff does not contest the accuracy or authenticity of the EEO Complaint in her opposition; in fact, she references the EEO Complaint in her opposition without comment on Defendants' request for judicial notice. In its discretion, the Court takes judicial notice of the EEO Complaint. See Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1160 (9th Cir. 2012).

day period preceding Plaintiff's first contact with an EEO Counselor. The alleged failure became ripe when DEA denied her participation in the Voluntary Wellness Program. Id.

Second, Plaintiff asserts that there was "an ongoing failure to accommodate" that "necessarily occurred within 45 days of [her] seeking EEO counseling." (Doc. No. 8 at 2-3.) Plaintiff does not provide argument on this point. Id. Presumably, she means that the DEA's denial of her participation in the Voluntary Wellness Program began a series of discrete failures to accommodate and some of those failures occurred within the 45-day period. If there are independently wrongful, discrete acts within the 45-day period preceding her contact with the EEO Counselor, then Plaintiff's claim may still be viable. See Lindroos v. Bernhardt, 2021 WL 2322367, at *8-10 (N.D. Cal. 2021). However, no specific allegations on this point are in the FAC or in Plaintiff's opposition. Accordingly, as pled, this argument does not save Plaintiff's claim from being time-barred.

Third, Plaintiff suggests that her request for a transfer to the Tactical Diversion Squad is relevant to the Court's consideration of whether her claim is time-barred. (Doc. No. 8 at 1-2.) Defendants disagree. They argue that the transfer request is inadmissible because it was made in the context of a mediation designed to resolve her initial grievance. (Doc. No. 7 at 5.) Plaintiff does not dispute Defendants' argument in principle, but argues that the mediation was not the only instance of her transfer request. (See Doc. No. 8.)

The FAC states that "[t]he transfer request came in August of 2019." (FAC ¶ 27.) In her opposition, Plaintiff argues that this allegation does not "say that Plaintiff first raised the issue of a transfer at the mediation." (Doc. No. 8 at 2-3.) Plaintiff represents that if she is permitted leave to amend, then "it can be clarified that the transfer request was made prior to the mediation date[.]" (Doc. No. 8 at 2.) Implicit in Plaintiff's representation is that the transfer request occurred on a date that is relevant to whether her claim is time-barred, i.e., that it occurred prior to her initial EEO counseling. If so, Plaintiff may be able to plead sufficient allegations to show that she pursued EEO counseling within 45 days of an alleged discriminatory action.

As a result, the Court grants leave to Plaintiff to file a second amended complaint so that she may plead allegations of discrete discriminatory acts, if any, within the 45-day period prior to her initial EEO counseling session on June 26, 2019.  See Cherosky, 330 F.3d at 1246.  The Court accepts Plaintiff's representations that amendment will allow her to cure the deficiencies of the FAC.  Thus, this is not a case where amendment would be futile.  Telesaurus, 623 F.3d at 1003.  Although Plaintiff has amended her complaint once before, this Court views leave to amend as appropriate given the Ninth Circuit's guidance that "requests for leave should be granted with extreme liberality" and that "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment."  Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss without prejudice.  Plaintiff may file her second amended complaint on or before May 9, 2022.  Accordingly, the hearing scheduled for April 11, 2022 on this motion is vacated.

**IT IS SO ORDERED.**

DATED: April 7, 2022

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT